**Ex parte Charles William RENTSCHLER, Petitioner.**

**No. 25061.**

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1968.

Charles William Rentschler, pro se.

MAUGHMER, Commissioner.

We have here an ex parte appeal. The petitioner, Charles William Rentschler, is a layman and is without counsel. He filed a motion in the Circuit Court of Randolph County, Missouri, for leave to proceed in this matter in forma pauperis, for transcript on appeal and for appointment of counsel. The motion to prosecute the appeal as a poor person with transcript furnished was sustained but was denied as to appointment of counsel.

There has been filed in this court what purports to be a transcript. It includes the pertinent circuit court minute entries, copy of a complaint subscribed and sworn to by the petitioner and filed before a magistrate, and copy of the magistrate court order refusing to issue a warrant thereunder.

In lieu of a brief and personal argument, petitioner has filed a written résumé of his contentions, together with a request that this court "allow him to proceed as best his lack of legal knowledge will allow." An examination of the above described documents and records does, we believe, give us at least a general understanding of the petitioner's complaints, contentions and prayer for relief. From the recitations of petitioner in his various motions and statements it appears that during July, 1967, he was sentenced by the Circuit Court of Randolph County, Missouri, for the commission of a crime. The nature of the crime and the punishment assessed were not stated. Also, during July, 1967, the circuit court vacated the sentence. Petitioner alleges that it was set aside or vacated because "it was established by testimony * * * that an offense of perjury was committed by movant's one-time attorney" (naming him).

On March 25, 1968, petitioner filed in the court of William M. Stringer, magistrate, Randolph County, Missouri, his signed and verified complaint, charging that his former attorney (naming him) "gave false testimony in the case of State of Missouri v. Charles William Rentschler." The words which constituted the alleged false testi-

mony and perjury were not set forth. On March 29, 1968, the magistrate filed his written refusal to issue a warrant on the complaint for the reason that "the complaint does not state facts sufficient to charge any crime * * * under the laws of the state of Missouri."

On April 26, 1968, petitioner filed in the Circuit Court of Randolph County, Missouri, his "motion for order to call grand jury." Therein movant recited the events which we have just recounted; that is, the conviction and sentence of petitioner, the order setting aside the conviction and sentence, the alleged perjury, the filing of the complaint before magistrate Stringer, and that court's refusal to issue a warrant. Movant concluded this motion with a prayer that the circuit court (or circuit court judge) call a grand jury to inquire into the whole matter. On the same day the circuit court passed on the motion with the following order: "Now at this day, motion for order to call grand jury is examined, considered and denied." The Notice of Appeal filed May 1, 1968, recites that petitioner appeals to this court from "the judgment of denial of motion for order to call grand jury entered in this action on the 26th day of April, 1968."

In his statement filed with this court in lieu of a brief, petitioner complains about the refusal of magistrate Stringer to issue a felony warrant and the failure of the prosecuting attorney to prosecute the alleged perjurer. However, neither complaint is mentioned in the Notice of Appeal nor assigned as alleged error. Therefore, neither complaint is before us even though we were to assume, which we do not, that this court has authority to direct the prosecutor to prosecute or the magistrate to issue the warrant. Section 540.020, V.A.M.S., Grand Jury, provides squarely and unequivocally that "No grand jury shall be convened except upon order of a judge of a court having the power to try and determine felonies. * * *." This statute is applicable to the circuit court of Randolph County, Missouri. It is quite clear that the calling of a grand jury rests within the discretion of the circuit judge.

Based upon an examination of the Notice of Appeal herein, the transcript, other pleadings and everything else filed by petitioner, we find no error.

The appeal is dismissed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.